**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**FEB 12 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD JENSEN,

      Movant-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

No. 01-6302
(D.C. No. 01-CV-433-R,
99-CR-133-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **EBEL** and **LUCERO**, Circuit Judges.

Donald Jensen pled guilty to possession with intent to distribute of over 500 grams of methamphetamine. He originally was sentenced to 151 months imprisonment. Jensen did not appeal his conviction or sentence. Jensen now brings the present action under 28 U.S.C. § 2255. The district court granted Jensen's petition in part, concluding that Jensen's criminal history score was

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

calculated erroneously and reducing Jensen's sentence to 108 months. The district court denied the remainder of his claims and did not grant a certificate of appealability, and Jensen appeals. We deny a certificate of appealability as to all claims.

Jensen's first claim is that his conviction violates Apprendi v. New Jersey, 530 U.S. 466 (2000), because the government was not required to prove drug quantity beyond a reasonable doubt. Jensen also claims that the indictment was insufficient because it did not identify which provision of 21 U.S.C. § 841(b) he was to be sentenced under, even though the indictment did allege possession of a quantity of mixture containing methamphetamine in excess of 500 grams. Both of these claims fail because neither Jensen's original sentence (151 months) nor his present, reduced sentence (108 months) exceeded the maximum sentence available (240 months) had Jensen been sentenced for possession of an unspecified quantity under 21 U.S.C. § 841(b)(i)(C). See United States v. Hishaw, 235 F.3d 565, 577 (2000).

Jensen next claims that he was denied effective assistance of counsel. Jensen asserts that his counsel failed adequately to investigate and challenge the drug amounts to which he pled guilty, and that counsel erroneously induced Jensen into a guilty plea rather than challenging the drug quantities at trial. We conclude that Jensen has failed to show that his counsel's advice fell outside the

wide range of constitutionally competent performance in this regard. Counsel's failure to argue for a lower drug quantity would only have been deficient performance if the different quantity would have resulted in a different sentence; counsel is not incompetent for failing to press an inconsequential position. We note that it is unlikely that any reduction sought by Jensen would have mattered. Jensen's original presentence report held him responsible for 17.9 kilograms. Defense counsel succeeded in having this amount reduced to 12.815 kilograms by the time of sentencing. However, only a reduction below 0.5 kilograms (500 grams) would have had any effect on Jensen's sentence.[1] What is dispositive here, however, is not the unlikelihood of a reduction below 0.5 kilograms, but rather the fact that Jensen fails even to assert that the correct quantity was so much smaller than the quantity of conviction. Jensen argues merely that the reduction to 12.815 kilograms was "not the entire reduction" that he sought. (Aplt. B. at 5.) This argument is insufficient to establish the ineffectiveness of his counsel.

Jensen's other allegations of ineffective assistance are equally unavailing. He argues his counsel was ineffective for failing to challenge the sentencing

---

[1] It is clear here that the relatively large quantity for which Jensen was convicted did not influence the trial judge to impose a harsher sentence, because both initially and upon re-sentencing Jensen was sentenced to the minimum period of incarceration available, given the offense level and criminal history category.

court's original criminal history calculation.  This argument fails because, this error now having been fully corrected, Jensen is unable to demonstrate that he was prejudiced by counsel's performance.  Strickland v. Washington, 466 U.S. 668, 694 (1984).   Jensen next argues that his lawyer should have anticipated the Supreme Court's decision in Apprendi, issued over eight months after Jensen's guilty plea.  This argument is without merit.  Finally, Jensen asserts that his counsel failed to preserve his right to appeal.  Because Jensen has failed to raise any colorable issues for appeal, counsel's performance was not deficient and did not prejudice Jensen.

Jensen's final claim is that the government violated the rule of Brady v. Maryland, 373 U.S. 83 (1963) by failing to disclose exculpatory information. Jensen argues that the government failed to notify the court at sentencing that a co-defendant in the conspiracy, whom Jensen asserts was more culpable, received a shorter sentence based upon a lesser quantity of drugs.  This argument fails because information regarding a co-defendant's sentence was not exculpatory as to Jensen.

Because we conclude that Jensen has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c), Jensen's application

for a certificate of appealability is DENIED, and the judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge